UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Brook Village North Associates

        v.                          Civil No. 06-cv-046-JD
                                    Opinion No. 2006 DNH 129
Alphonso Jackson, Secretary of
the Department of Housing and
Urban Development


                        O R D E R


        Brook Village North Associates, which owns Brook Village

North Apartments, brought suit seeking a declaratory judgment

that it is entitled to prepay its mortgage loan held by the

Federal National Mortgage Association ("Fannie Mae") and that the

United States Department of Housing and Urban Development ("HUD")

lacks authority to interfere with Brook Village's prepayment of

the balance on the loan.[1]  Brook Village also alleges that Fannie

Mae has breached the loan agreement by refusing its tender of

prepayment.  Four tenants of Brook Village North Apartments move

to intervene in the suit as defendants in order to assert

defenses and a counterclaim against Brook Village.  Brook Village

opposes the motion to intervene.

_____

        [1]Because Brook Village's claim against Alphonso Jackson is
brought in his official capacity, HUD rather than Jackson is
deemed to be the defendant.

## Background

Brook Village North Apartments ("the Apartments") is a 160-unit rental housing project in Nashua, New Hampshire.  The Apartments project was built with financing authorized by 12 U.S.C. § 1715z-1, known as Section 236 of the National Housing Act.  Under that program, HUD insured the loan and made mortgage interest reduction payments, and Brook Village was obligated to provide affordable housing for eligible tenants.  In addition, HUD and Brook Village entered into a rent supplement contract, under 12 U.S.C. § 1701s, which provides for rent supplements for qualified tenants.  Brook Village has been providing affordable housing to qualified tenants since it was built in the early 1970s.

## Discussion

Four tenants who live in Brook Village North Apartments, Roberta O'Dell, Linda Jean, Jarretta Copeland, and Evelyn Hukvari ("the Tenants"), move to intervene in this case, pursuant to Federal Rule of Civil Procedure 24, to preserve their interests in maintaining affordable low-income housing at the Apartments. Specifically, the Tenants state in their pleading attached to their motion, "Intervenors' Counterclaim," that they agree with HUD that Brook Village is receiving payment under the rent

supplement contract.  They allege that Brook Village is obligated under 12 U.S.C. § 1715z–1(b), a provision of the National Housing Act, and related HUD regulations to fully use the rent supplement funds that are available under the rent supplement contract with HUD.  The Tenants' counterclaim seeks a declaratory judgment that Brook Village is violating its obligations under the National Housing Act and its implementing regulations and a permanent injunction requiring Brook Village to use all available funds under the rent supplement contract.

The Tenants contend that they have a right to intervene as defendants in the action brought by Brook Village against HUD, as a matter of right, under Federal Rule of Civil Procedure 24(a). Alternatively, the Tenants contend they meet the requirements for permissive intervention under Rule 24(b)(2).  Brook Village opposes the motion to intervene.  HUD did not file a response to the motion.


A.   <u>Intervention as of Right</u>

To be entitled to intervene as of right as defendants in Brook Village's action against HUD, the Tenants "must show that (1) [they] timely moved to intervene; (2) [they have] an interest relating to the property or transaction that forms the basis of the ongoing suit; (3) the disposition of the action threatens to

create a practical impediment to [their] ability to protect
[their] interest; and (4) no existing party adequately represents
its interests." B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.,
440 F.3d 541, 544–45 (1st Cir. 2006).  Brook Village concedes
that the Tenants' motion to intervene is timely and that as
tenants of the Apartments, they have an interest related to the
property that is the subject of this case.  It challenges the
Tenants' ability to satisfy the requirements that disposition of
the case without them will impair their ability to protect their
interests and that the existing defendants will not adequately
represent the Tenants' interests.

 1.  Ability to Protect Their Interest

 The Tenants assert interests in preserving affordable
housing, as has been available under the Section 236 loan
program, at the Apartments.  They argue that if Brook Village is
allowed to prepay the loan and eliminate its affordable housing
obligations, rents at the Apartments will become unaffordable for
them.  Further, the Tenants assert that if Brook Village
renovates the Apartments, as they have heard will happen, the
number of rental units will be decreased or eliminated and
housing will not be available for them there.  Brook Village
contends that if it is permitted to repay the Section 236 loan,

4

thereby eliminating its affordable housing obligations, another HUD program, the enhanced voucher program under 42 U.S.C. § 1437f(t), will be available to the Tenants to protect their need for affordable housing.

The Tenants appear to concede that the voucher program would provide an alternative means of making affordable housing available to them but argue that there is no guarantee "each tenant" will be eligible for that program.  They state that "[t]here is a distinct possibility that any given resident of [the Apartments] who . . . would ordinarily be eligible for a Section 8 voucher (enhanced or ordinary) would be found ineligible due to one of many reasons set forth in 24 C.F.R. § 982.552(c)."  Reply at 3.  The Tenants have not shown that the four of them, specifically, would not be eligible under the voucher program.  Because only the four tenants who filed the motion to intervene are potential parties, the circumstances of other tenants are not relevant to whether these Tenants can meet the requirements for intervention as a matter of right.

The Tenants also argue that they have an interest in staying in the particular units they currently occupy at the Apartments. They contend that the voucher program would not guarantee that they could stay in their present apartments if Brook Village were allowed to prepay the balance of the Section 236 mortgage.  They

5

fear that Brook Village will reduce the number of rental units at the Apartments or convert the property into condominiums, which would force them to move.  They also fear that the rents will increase and will exceed the market rent for the locality, making units at the Apartments ineligible for the voucher program.  The Tenants concede that their month-to-month leases do not give them a long-term right to occupy their present units.  They contend, however, that provisions of Section 236 prevent Brook Village from evicting them without good cause, which has the effect of extending the terms of their leases to the term of the Section 236 loan.

The Tenants have not shown that their intervention in this case is necessary to protect their interest in affordable housing.  They have persuasively argued, however, that the voucher program would not necessarily allow them to stay in their current units at the Apartments.  Because Brook Village does not contest the Tenants' interest in staying at the Apartments, they have made a sufficient showing on the third element for mandatory intervention.

2. Adequacy of representation.

The Tenants must also satisfy the requirement of showing that HUD cannot adequately represent their interest in staying in their present units at the Apartments.  Although "[t]ypically, an intervenor need only make a 'minimal' showing that the representation afforded by a named party would prove inadequate, . . . in cases where the intervenor's ultimate objective matches that of the named party, a rebuttable presumption of adequate representation applies."  B. Fernandez & Hnos., 440 F.3d at 546. More specifically, in cases where a private party seeks to intervene in defense of an action against the government, a presumption exists, "subject to evidence to the contrary, that the government will adequately defend its actions, at least where its interests appear to be aligned with those of the proposed intervenor."  State v. Director, U.S. Fish & Wildlife Serv., 262 F.3d 13, 19 (1st Cir. 2001).

To the extent the Tenants seek to intervene simply to add their voices in support of HUD's defenses against Brook Village's declaratory judgment action, they have not shown that their assistance is needed.  The Tenants and HUD share an interest in preventing Brook Village from prepaying the Section 236 loan and in preserving the rent supplement program that is currently in place.  Therefore, the Tenants have not rebutted the presumption

7

that HUD can adequately defend against Brook Village's declaratory judgment action.

The Tenants' counterclaim raises a different issue.  The Tenants allege that they have low incomes and are eligible for rent supplements under 12 U.S.C. § 1701s and its implementing regulations.  They also allege that there is a current rent supplement contract between Brook Village and HUD that would now provide $57,395 per year in rent supplements for eligible tenants at the Apartments, which is enough to subsidize the Tenants and several additional lower income families.  The Tenants claim Brook Village is violating that part of the National Housing Act, codified at § 1715z-1(b), that requires Section 236 mortgagors to use available rent supplement funds to benefit lower income families who are tenants at Section 236 projects.

If the Tenants were successful in their counterclaim, Brook Village would be forced to receive rent supplement payments from HUD, making Brook Village ineligible for prepayment under the terms of the Section 236 loan note and the applicable HUD regulation, 24 C.F.R. § 236.30.  HUD has not raised that claim in the present action.  Therefore, HUD is not adequately representing any interest the Tenants would have in enforcing § 1701z-1(b), as alleged in the counterclaim.

In objecting to permissive intervention, however, Brook

8

Village argues that jurisdiction is lacking to consider the
Tenants' counterclaim because no private right of action exists
to enforce the National Housing Act in this context.  In
response, the Tenants do not contest that jurisdiction would be
lacking as to their counterclaim.  Instead, they focus on their
intent to join in HUD's defense against Brook Village's
declaratory judgment action.  Because HUD adequately represents
those defenses, however, there is no need for the Tenants to
intervene on that basis.  The Tenants can satisfy the last
requirement for mandatory intervention only on the ground of
representing their interests in their counterclaim.

     Under 28 U.S.C. § 1367(a), federal courts have supplemental
jurisdiction over claims raised by intervenors that are part of
the same case or controversy as the original case over which the
court has jurisdiction.  Nevertheless, "[w]here required,
standing is fundamental."  Mangual v. Rotger-Sabat, 317 F.3d 45,
61 (1st Cir. 2003).  The circuits are split as to whether
standing is required for intervention as of right, and the First
Circuit has not decided the question.  Id.; see also San Juan
County, UT v. United States, 420 F.3d 1197, 1204-05 (10th Cir.
2005) (discussing circuit split).  In addition, it is far from
apparent whether the Tenants would have standing to bring their
counterclaim.  See, e.g., Gonzaga Univ. v. Doe, 536 U.S. 273,

285-86 (2002); <u>Wright v. City of Roanoke Redevelopment & Housing Auth.</u>, 479 U.S. 418, 423 (1987); <u>Perry v. Housing Authority of Charleston</u>, 664 F.2d 1210, 1212-14 (4th Cir. 1981); <u>Kingston Square Tenants Ass'n v. Tuskegee Gardens, Ltd.</u>, 792 F. Supp. 1566, 1572-73 (S.D. Fla. 1992).

To be entitled to intervene as of right, the Tenants bear the burden of showing that their participation is necessary because HUD cannot adequately represent their counterclaim to enforce § 1701z-(b) and its implementing regulations. <u>See</u> " <u>B. Fernandez & Hnos.</u>, 440 F.3d at 544-45. If the Tenants lack standing to bring their counterclaim, their intervention would not remedy a lack of adequate representation by the existing parties. Therefore, as currently presented, the Tenants have not shown that they can satisfy the fourth element which is necessary for mandatory intervention under Rule 24(a).

B.  <u>Permissive Intervention</u>

Alternatively, the Tenants seek permissive intervention under Federal Rule of Civil Procedure 24(b)(2), which requires a showing that the Tenants' counterclaim shares a question of law or fact with the claims in the main action. Permissive intervention is a matter left to the discretion of the court. Whether standing is required for permissive intervenors is also

10

an unsettled question.  Mangual, 317 F.3d at 61.  Therefore, the court declines to permit the Tenants to intervene absent a showing that they have standing to assert the counterclaim.

### Conclusion

For the foregoing reasons, the motion to intervene (document no. 17) is denied without prejudice to filing a second motion that more completely addresses the issues identified in this order.  If a second motion to intervene is filed, HUD shall file a response that provides its position on the standing issues raised by the Tenants' proposed counterclaim.

SO ORDERED.

Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

November 13, 2006

cc:  Elliott Berry, Esquire
     Michael G. Perez, Esquire
     T. David Plourde, Esquire
     Andrew W. Serell, Esquire
     Jonathan M. Shirley, Esquire
     Daniel E. Will, Esquire